FRANK DEL VECCHIO ET UX., PLAINTIFFS-RESPONDENTS, v. SHUBIN BUILDING COMPANY, DEFENDANT-APPELLANT.

Submitted May term, 1927—Decided November 23, 1927.

**Sale of Real Estate—Recovery of Down Money—Verdict for Plaintiff—Five Grounds for Reversal Considered and Judgment Affirmed.**

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Paul M. Salsburg.*

For the respondents, *Bolle & Tripician.*

PER CURIAM.

This suit was brought to recover the sum of $1,500, with interest, the down money, paid under a contract dated August 8th, 1924, for the sale and conveyance of premises known as No. 317 and 319 Caspian avenue, Atlantic City, for $6,500.

The trial resulted in a verdict for the plaintiffs for $1,761.85. The defendant appeals and files five grounds of appeal.

Second, overruling the question to witness: "What was that condition?" This is not argued in the brief of the appellant.

Third, error in the charge. This consists of a copy of more than half a printed page from the charge. It is not pointed out just what is the specific error alleged to have been committed by the trial court. It deals with the question of fraud, of the assignment, agency left as a question of fact to the jury. Grounds of appeal must state the judicial action complained of with sufficient precision to apprise the court and opposing counsel of the injury complained of. *O'Brien* v. *Staiger,* 101 *N. J. L.* 526. Passing this, we find no error in the passage of the charge complained of.

Fourth, the court erred, in that it omitted to charge that the plaintiff must carry the burden of proof by a fair preponderance of the evidence. The defendant can take nothing by this assignment, unless there is a request to charge upon a particular point. Error is not assignable, because the trial judge may have omitted to charge upon such point. *Leiferant* v. *Progressive Agency,* 98 *N. J. L.* 526. This is not argued in the appellant's brief.

Fifth, the judgment is erroneous. This is too general under the case cited and *Burgess* v. *Noteboon,* 100 *N. J. L.* 116.

First, as to the court's refusal to nonsuit the plaintiff. Suffice it to say, on this point, as we read the testimony at the time the motion was made, jury questions were involved, the determination of which it was the province of the jury to solve under instructions from the court.

Finding no error in the record, the judgment of the Atlantic County Circuit Court is affirmed.